UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-16-3

| UNITED STATES OF AMERICA | : Criminal No. 3:17CR180-JCH |
|---|---|
| | : |
| | : VIOLATIONS: |
| v. | : |
| | : 18 U.S.C. § 1343 (Wire Fraud) |
| THOMAS M. MURTHA | : 18 U.S.C. § 981(a)(1)(C) (Forfeiture) |
| | : 28 U.S.C. § 2461 (Forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH FOUR
(Wire Fraud)

1.   From on or about May 19, 1981, until on or about September 8, 2016, the defendant, Thomas M. MURTHA ("MURTHA"), was an attorney licensed to practice law in the state of Connecticut. MURTHA was the owner and managing partner of Maher & Murtha LLC in Bridgeport, Connecticut, and practiced primarily in the areas of civil litigation and real estate law.

2.   Beginning on approximately November 21, 2011, the precise date being unknown to the Grand Jury, and continuing until at least April 5, 2017, in the District of Connecticut and elsewhere, MURTHA willfully, knowingly, and with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and did transmit and caused to be transmitted by

1

means of wire communications in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

3. It was part of the scheme and artifice to defraud that MURTHA fraudulently obtained and fraudulently converted hundreds of thousands of dollars from his victims, including clients of his law practice, family members, and friends, through, among other means: (i) materially false and fraudulent representations and omissions concerning the location, use, and expenditures of victims' money and funds; and (ii) false or forged documentation, including at least one mortgage, a trust document, and correspondence.

4. It was further part of the scheme and artifice to defraud that MURTHA, in his capacity as an attorney, received client funds from real estate transactions and other legal representations. MURTHA would and did falsely represent to client-victims that he had safeguarded and disbursed the proceeds from real estate transactions and from legal representations when, without authority or permission from his client-victims, MURTHA had fraudulently converted those client funds for his own use and benefit, including making payments to other victims.

5. MURTHA acted as a trustee for at least one beneficiary and, in that capacity, had access to the beneficiary's funds. It was further part of the scheme and artifice to defraud that MURTHA would and did fraudulently convert the beneficiary's funds for his own use and benefit.

6. It was further part of the scheme and artifice to defraud that MURTHA commingled client-victims' monies and funds with his personal funds, in contravention of the rules governing attorney practice in Connecticut that require client funds to be held separately from an attorney's own property.

7. It was further part of the scheme and artifice to defraud that MURTHA concealed the scheme from his victims through, among other means, the use of lulling statements and false and forged documents.

8. On or about each of the dates set forth below, in the District of Connecticut and elsewhere, MURTHA, for the purpose of executing the scheme and artifice described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| One | 7/29/2014 | Wire transfer in the amount of $73,000 from a TD Bank account in Connecticut with number ending 1139, belonging to Maher and Murtha LLC, for the benefit of Newtown Savings Bank, via Texas and New Jersey |
| Two | 5/15/2015 | Wire transfer in the amount of $20,775 from a TD Bank account in Connecticut with number ending in 6062, belonging to Thomas M. Murtha Esquire, for the benefit of Germanshowhorses LLC in South Carolina, via Texas |

| Count | Date | Description |
|---|---|---|
| Three | 8/4/2016 | Wire transfer in the amount of $150,000 from a TD Bank account in Connecticut with number ending in 4008, an IOLTA account of Maher and Murtha LLC, for the benefit of Goldstein & Peck, P.C., via Texas |
| Four | 9/29/2016 | E-mail from MURTHA to A.D., a victim in Connecticut whose identity is known to the Grand Jury, through a computer server located outside of Connecticut |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

9. Upon conviction of one or more of the counts alleged in Counts One through Four of this Indictment, MURTHA shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, including but not limited to the following:

Real Property

    (a)    885 Westwood Drive, Birmingham, Michigan;

<u>Jewelry</u>

(b) A 2.11 carat diamond engagement ring given by MURTHA to J.Z., whose identity is known to the Grand Jury;

<u>Money Judgment</u>

(c) A sum of money equal to the total amount of money, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, that is, a money judgment of at least $1,991,628.83.

10. If any of the above-described forfeitable property, as a result of any act or omission of MURTHA, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of MURTHA up to the value of the forfeitable property described above, including but not limited to items (a) through (c) in paragraph 9 above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY